**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 1 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCIS STEFFAN HAYES, | No. 20-35736 |
| Plaintiff-Appellant, | D.C. No. 1:20-cv-01332-CL |
| v. | |
| STATE OF OREGON; KATE BROWN, private capacity, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted May 18, 2021[**]

Before:     CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Francis Steffan Hayes appeals pro se from the district court's order denying
his motions for a preliminary injunction and a temporary restraining order ("TRO")
in his 42 U.S.C. § 1983 action alleging various constitutional claims.  We have
jurisdiction under 28 U.S.C. § 1292(a)(1).  We review for an abuse of discretion.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Jackson v. City & County of San Francisco*, 746 F.3d 953, 958 (9th Cir. 2014). We affirm.

The district court did not abuse its discretion by denying Hayes's motion for a preliminary injunction because Hayes failed to establish that he is likely to succeed on the merits of his claims. *See id.* (plaintiff seeking preliminary injunction must establish that he is likely to succeed on the merits, he is likely to suffer irreparable harm in the absence of preliminary relief, the balance of equities tips in his favor, and an injunction is in the public interest); *see also Jacobson v. Massachusetts*, 197 U.S. 11, 25 (1905) (holding the Supreme Court "has distinctly recognized the authority of a state to enact quarantine law and health laws of every description" (internal quotation marks omitted)).

An appeal ordinarily "does not lie from the denial of an application for a temporary restraining order" because such appeals are considered "premature." *Religious Tech. Ctr., Church of Scientology Int'l, Inc. v. Scott*, 869 F.2d 1306, 1308 (9th Cir. 1989). A district court's order denying an application for a TRO is reviewable on appeal only if the order is tantamount to the denial of a preliminary injunction. *See id*. Because the district court's order denying the TRO did not amount to the denial of a preliminary injunction, we do not have jurisdiction over that portion of Hayes's appeal.

We reject as meritless Hayes's claims that the district judge was biased

against him.  His motion in the district court seeking her recusal is outside of the scope of this appeal.

Hayes's motions for emergency interlocutory relief (Docket Entry Nos. 13 and 14) are denied.

**AFFIRMED.**